1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

UNITED STATES OF AMERICA,

12

Plaintiff,

13

vs.

14

JUAN CARRILLO-ACEVEDO,

15

Defendant.

CASE NO. 08 CR 1309 JM
CIVIL NO.  08 CV 1266 JM

**ORDER DENYING MOTION TO
REDUCE SENTENCE BROUGHT
PURSUANT TO 28 U.S.C. § 2255**

Doc. No. 18

16
17
18
19
20

On May 6, 2008, pursuant to a plea agreement, Defendant Juan Carrillo-Acevedo ("Defendant"), a non-United States citizen, pled guilty to one misdemeanor and one felony count of Illegal Entry under 8 U.S.C. § 1326.  At that time, Defendant was sentenced to a custodial term of 30 months, comprising consecutive terms of six months for count 1 and 24 months for count 2.

21
22
23
24
25

On July 14, 2008, Defendant filed a motion for reduction of his sentence pursuant to 28 U.S.C. § 2255 ("Motion") on equal protection grounds.  (Doc. No. 18.)  Following the court's request for briefing, the government filed a return opposing the motion.  (Doc. No. 27.)  Defendant filed no traverse.  Pursuant to Civil L.R. 7.1(d)(1), the matter was taken under submission by the court on November 21, 2008.  For the reasons set forth below, the court denies Defendant's motion.

26

//

27

**I.  Procedural Bars**

28

Pursuant to the written Plea Agreement, Defendant waived his right to collaterally attack his

1    conviction and sentence.  (Doc. No. 27, Exh. 3.)  In his motion, Defendant does not contest the

2    validity of the waiver.  After review of the Plea Agreement (Doc. No. 27, Exh. 3) and Plea Hearing

3    transcript (Doc. No. 27, Exh. 5), the court finds the waiver was knowing and voluntary.  This waiver

4    provision is enforceable to bar Defendant from seeking collateral relief.  See U.S. v. Abarca, 985 F.2d

5    1012, 1014 (9th Cir. #), cert. denied, 508 U.S. 979 (1993).

6          Additionally, Defendant failed to challenge the conditions of his sentence on direct appeal,

7    and, in fact, waived his right to do so in the Plea Agreement.  (Doc. No. 27, Exh. 3.).  Defendant has

8    procedurally defaulted on this constitutional claim by failing to raise the argument on appeal.  See

9    Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted) ("habeas review is an

10   extraordinary remedy and will not be allowed to do service for an appeal").  Defendant never brought

11   a direct appeal, and does not allege any basis in cause or prejudice to excuse this default.  Id. at 622.

12   //

13   **II.  Substantive Issues**

14          Even if Defendant was not procedurally barred from bringing this motion, his arguments lack

15   merit.  Defendant alleges his equal protection rights were violated because he was excluded from

16   participating in certain Bureau of Prisons programs, including a residential drug treatment program,

17   which would make him eligible for a one year reduction of sentence.  (Doc. No. 18 at 1.)  The Ninth

18   Circuit has ruled on this precise issue and determined such exclusions for prisoners with immigration

19   detainers do not raise equal protection considerations.  McLean v. Crabtree, 173 F.3d 1176 (9th Cir.

20   1999).  Defendant's motion therefore fails.

21   //

22   **III.  Conclusion**

23          For the reasons stated above, Defendant's motion for time reduction under 28 U.S.C. § 2255

24   is **DENIED** (Doc. No. 18).  The Clerk of Court is instructed to close the case file.

25          **IT IS SO ORDERED.**

26   DATED:  November 24, 2008

27   _____

28                                              Hon. Jeffrey T. Miller
                                                United States District Judge